UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PATRICK VARNADO,            )
                            )
        Petitioner,          )
                            )
    v.                      )   Case No. 3:17CV819-PPS
                            )
WARDEN,                     )
                            )
        Respondent.          )

OPINION AND ORDER

Patrick Varnado, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge the revocation of his parole in connection with his 1985 conviction and 60 year sentence for murder by the Lake County Superior Court.[1] However, before I can consider a habeas corpus petition challenging a State proceeding, the petitioner must have previously presented his claim to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a State habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas

---

[1] Under cause numbers 3CR-31-285-122, 3CR-36-285-138, and 3CR30-285-121.

corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004). Here, Varnado's habeas corpus petition indicates that he has not presented his claim to any State court in any proceeding. ECF 1 at 1, 2. Therefore he has not exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust this claim in the State courts. After he has ultimately presented his claim to the Indiana Supreme Court, if he has not yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claim presented by Varnado is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

ACCORDINGLY:

(1) Patrick Varnado's petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) a certificate of appealability is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) the Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: November 13, 2017

    /s/ Philip P. Simon
Judge
United States District Court